IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROBERT W. CLARK                  :
                                 :
                                 :
    v.                           :   Civil Action No. DKC 05-2562
                                 :   Criminal Case No. DKC 04-0428
                                 :
UNITED STATES OF AMERICA         :
                                 :

**MEMORANDUM OPINION**

Petitioner Robert Clark was convicted in 2004 of one count of trafficking in and using unauthorized access devices in violation of 18 U.S.C. § 1029(a)(2). Clark has since filed several related, *pro se*, post-conviction motions, including: (1) a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Paper 21); (2) a motion for an evidentiary hearing (Paper 22); a motion for bail (Paper 23); a motion for reconsideration of his sentence and restitution (Paper 24); a motion to expedite the decision (Paper 25);[1] a motion for reconsideration/vacation of his sentence (Paper 26); and a motion for modification of confinement pending appeal (Paper 32). The issues are fully briefed, and the court now considers

---

[1] Clark requested an expedited decision because his "liberty interest is at stake." (Paper 25, at 2). The motion will be denied as moot.

each of them in turn.  For the reasons that follow, the court will deny all of Clark's motions.

**I. Background**

On September 8, 2004, Petitioner Robert William Clark was indicted on one count of trafficking in and using unauthorized access devices in violation of 18 U.S.C. § 1029(a)(2).  (Paper 4).  A short time later, on November 5, 2004, Clark pled guilty pursuant to a standard plea agreement ("the Agreement") with the government.  (Paper 8).  Clark's lawyer also signed the Agreement.  (*Id.*).  Under the Agreement, Clark waived several of his substantive rights, including the right to take any appeal except for one from an "upward or downward departure from the guidelines range that is established at sentencing."  (*Id.*).

Clark stipulated to the following facts in the Agreement. From late 2000 through 2001, Clark worked as a contractor for the Federal Aviation Administration ("FAA").  Part of Clark's job was to process certain travel and expense documents containing personal information from several FAA contract workers.  Clark, along with two other individuals, used his access to this information to obtain fraudulent identification cards, which he then used to secure various lines of credit. Clark and the two other individuals used the credit lines to buy items from a number of retailers.

Later investigation revealed that Clark and his co-conspirators stole the identities of 32 people. In total, the conspiracy caused $362,492.95 in losses, most of which occurred between November 2000 and the end of May 2001. Clark admitted that he used at least ten false access devices without authorization and that he obtained more than $1,000 in items within a one-year period.

On February 28, 2005, the court sentenced Clark to 18 months imprisonment with an additional three years of supervised release. (Paper 16).[2] The court also ordered Clark to pay restitution of $280,492.95 to the various merchants he harmed. (*Id.*). Clark did not appeal, and his terms of imprisonment and supervised release appear to have ended at the time of this opinion.

**II. Motion to Vacate, Set Aside, or Correct Clark's Sentence (Paper 21)**

**A. Standard of Review**

Title 28 U.S.C. § 2255 requires a petitioner to prove by a preponderance of the evidence that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence,

---

[2] The court's sentence was below the guidelines range of 21 to 27 months.

3

or that the sentence was in excess of the maximum authorized by law[.]" Thus, review under Section 2255 is a two-step process. *United States v. Pettiford*, 612 F.3d 270, 277 (4th Cir. 2010). The court first determines whether the prisoner has shown that his sentence is unlawful based on one of the specified grounds. *Id.* It then fashions any appropriate relief. *Id.*

When a Section 2255 motion is premised on non-constitutional error,

> [t]he scope of review . . . is more limited than that of constitutional error; a nonconstitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'

*United States v. Mikalajunas*, 186 F.3d 490, 495-96 (4th Cir. 1999) (internal citation omitted). If the Section 2255 motion, along with the files and records of the case, conclusively shows that the petitioner is entitled to no relief, a hearing on the motion is unnecessary and the court may summarily dismiss the claims. 28 U.S.C. § 2255(b). Further, a petitioner may only raise issues that he has not waived, unless they meet the requirements of a very narrow exception:

> The Supreme Court has recognized an equitable exception to the bar, however, when a habeas applicant can demonstrate cause and prejudice, or actual innocence. . . . In order to collaterally attack a

> conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains. The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel.

*Pettiford*, 612 F.3d at 279 (citations and quotation marks omitted).[3]

**B. Analysis**

Clark advances five bases for his motion. First, he contends that he received ineffective assistance of counsel because (1) counsel advised him to plead guilty without discussing with Clark the effect of *United States v. Booker*, 543 U.S. 220 (2005), and (2) counsel did not "perfect the direct appeal." Second, Clark contends his sentencing range should have been zero to six months under *Booker*, rather than 21 to 27 months. Third, Clark "requests leniency" and asks the court to

---

[3] The court notes that Clark has been released and his term of supervised release has ended. (Paper 40). Even so, his petition is not moot. "Whether an individual is in custody for § 2255 purposes is determined at the time the habeas action is filed. . . . The fact that custody expires after the habeas action is filed is irrelevant." *United States v. Bryson*, 981 F.2d 720, 726 (4th Cir. 1992). Moreover, the case remains "live" because of the collateral consequences that flow from Clark's conviction. *Nakell v. Attorney Gen. of N. Carolina*, 15 F.3d 319, 322 (4th Cir. 1994).

5

lower his restitution.  Fourth, Clark contends the court did not take into account "positive factors" such as his employment, overall history, and characteristics when sentencing him. Finally, he states that he should have received a sentencing credit for substantial assistance under the *U.S. Sentencing Guidelines Manual* § 5K1.1.[4]

### 1. Ineffective Assistance of Counsel

Clark contends that he received ineffective assistance of counsel.  Such claims are governed by the test crafted by the Supreme Court in *Strickland v. Washington*, 468 U.S. 668 (1984). The Fourth Circuit recently explained this test in *United States v. Luck*, 611 F.3d 183, 186 (4th Cir. 2010):

> First, the defendant must show that counsel's representation fell below an objective standard of reasonableness as measured by prevailing professional norms. Courts should be deferential in this inquiry, and have a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. The defendant must therefore overcome the presumption that the representation might be considered sound trial strategy.

---

[4] Clark's motion also has an additional "ground" in which he asks for his motion to be expedited, asks for immediate release, and requests appointed counsel.  The first two grounds are duplicative of his separate motions requesting the same relief, which are discussed separately herein.  There is also no reason to appoint counsel in this case.

6

> Second, the defendant must demonstrate that counsel's inadequate performance prejudiced him. Thus, the defendant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability, in turn, is defined as a probability sufficient to undermine confidence in the outcome.

(citations and quotations omitted). Importantly, "[t]he defendant bears the burden of proof as to *both prongs* of the standard." *Id.* (emphasis added). In the context of a Section 2255 petition challenging a conviction following a guilty plea, a defendant establishes prejudice by demonstrating "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *accord United States v. Mooney*, 497 F.3d 397, 401 (4th Cir. 2007).

Clark complains that his counsel was "ineffective in failing to perfect the direct appeal." (Paper 21, at 6). In his reply to the government's opposition, Clark further explains the crux of his claim: "his trial attorney misadvised him about the merits of his claims on direct appeal, which resulted in Petitioner foregoing that right." (Paper 31, at 3). Thus, Clark does not claim that his counsel disregarded an instruction from Clark to file an appeal. Nor does Clark claim that his counsel failed to consult with Clark about the possibility of

appeal. Those sorts of deficiencies *can* amount to ineffective assistance of counsel. *See generally United States v. Poindexter*, 492 F.3d 263 (4th Cir. 2007). Here, by Clark's own admission, counsel consulted with his client every step of the way, providing advice on the Agreement and the possibility of a successful appeal. Last month, the Fourth Circuit observed:

> [W]here counsel consults with a client and establishes expectations about the consequences that are likely to follow from a guilty plea, it is difficult to say that counsel is 'professionally unreasonable, as a constitutional matter, in not consulting with such a defendant regarding an appeal, if (1) those expectations are met, (2) the defendant does not express any interest in appealing, and (3) counsel concludes that there are no nonfrivolous grounds for appeal.

*United States v. Cooper*, -- F.3d ---, No. 08-7131, 2010 WL 3213681, at *6 (4th Cir. Aug. 16, 2010) (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 479 (2000)) (internal quotation marks omitted). It is even more difficult to say that counsel offers ineffective assistance when counsel does all of the above *and* actually consults with his client about the appeal. The court can find no authority, for good reason, to support the notion that counsel is ineffective merely because the defendant is, in

hindsight, unhappy with counsel's recommendation regarding appeal.[5]

To the extent that Clark finds fault with the advice he received from his attorney regarding the Agreement, the court cannot find any suggestion of ineffectiveness in the record. Clark contends that his counsel's advice did not consider "the potential ramifications" of *Booker*, *supra*. *Booker* established that the federal sentencing guidelines are advisory. 543 U.S. at 245. But the court appropriately treated the guidelines as such, a fact reflected in the judgment that specifically so stated. *Booker* also reaffirmed the holding in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be *admitted by the defendant* or proved to a jury beyond a reasonable doubt." *Booker*, 543 U.S. at 244 (emphasis added). But again, Clark agreed and stipulated to each of the facts that the court relied upon to enhance his sentence (*i.e.*, size of the loss, number of victims, and number of devices). In other words, it is unclear what more Clark would have liked his attorney to do; any advice

---

[5] Moreover, a review of the record does not suggest any substantial grounds for appeal.

from counsel to reject the Agreement because of excessive enhancements "would have been sheer nonsense." *Hebb v. United States*, No. AW-08-0569, 2008 WL 5101277, at *2 (D.Md. Nov. 25, 2008). Clark has offered nothing to overcome the presumption of reasonableness. *Cf. McMann v. Richardson*, 397 U.S. 759, 770 (1970) ("That a guilty plea must be intelligently made is not a requirement that all advice by the defendant's lawyer withstand retrospective examination in a post-conviction hearing.").

### 2. Remaining Claims

Aside from his allegations of ineffective assistance of counsel, Clark could have raised the claims in his Section 2255 motion on direct appeal, but he did not. Thus, they are procedurally defaulted on collateral review unless Clark can demonstrate "cause and actual prejudice resulting from the errors" or that "a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." *Mikalajunas*, 186 F.3d at 492-93. A finding of cause for a procedural default "must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." *Mikalajunas*, 186 F.3d at 493. This showing may be excused if the movant can demonstrate that he is actually innocent of the crime. *See United States v. Bowman*, 267 F.App'x 296, 299 (4th Cir. 2008) (per curiam) (citing

10

*Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)). To establish actual innocence, the petitioner must establish, by clear and convincing evidence, "actual factual innocence of the offense of conviction, i.e., that petitioner did not commit the crime of which he was convicted." *Mikalajunas*, 186 F.3d at 494.

Clark has not offered any cause. His *Booker*-related claims could have been and should have been raised on direct appeal. Similarly, his other particular concerns about his sentence should have been raised at time. There is no suggestion that Clark was actually innocent. Therefore, his remaining claims cannot be considered.

**III. Motion for an Evidentiary Hearing (Paper 22)**

Clark also requested an evidentiary hearing on his Section 2255 motion. (Paper 22). In support, Clark contends that there are "certain issues that [he] would like to address in reference to findings with [his case]." (*Id.* at 2). The question of whether an evidentiary decision is necessary is "left to the common sense and sound discretion of the district judge[]." *Raines v. United States*, 423 F.2d 526, 531 (4th Cir. 1970). In the ordinary case, an evidentiary hearing is appropriate only where "defendant has pled facts that, if established, entitle him to relief, and there is a material dispute regarding those facts." *Higgs v. United States*, No. PJM 98-3180, 2010 WL

11

1875760, at *63 (D.Md. Apr. 6, 2010); *accord United States v. Yearwood*, 863 F.2d 6, 7 (4th Cir. 1988), *abrogated on other grounds by Padilla v. Kentucky*, 130 S.Ct. 1473 (2010).

As the court has already explained, Clark's Section 2255 motion must be denied. It follows then that "no substantial question has been raised by petitioner's claim, [and] there is no need for a hearing." *Gaskins v. United States*, 925 F.Supp. 396, 397 (D.Md. 1996). The court is more than able to resolve Clark's motion on the record presented and a hearing is unnecessary.

**IV. Motion for Bail (Paper 23)**

Clark moved for bail, arguing, "[T]here exist[s] a liberty interest with me being incarcerated past a sentence exposure of 0-6 months." (Paper 23, at 2). As the Fourth Circuit has explained in an unpublished opinion, petitioners seeking release on bail pending resolution of a Section 2255 motion bear a heavy burden of proof:

> A person seeking interim release during pursuit of § 2255 remedies, however, faces a formidable barrier created by the fact of the conviction and the government's interest in executing its judgment. [I]n the absence of exceptional circumstances . . . the court will not grant bail prior to the ultimate final decision unless [the applicant] presents not merely a clear case on the law, . . . but a clear, and readily evident, case on the facts.

12

*United States v. Hollingsworth*, 900 F.2d 256 (Table), 1990 WL 36663, at *1 (4th Cir. 1990) (quotations and citation omitted). Clark has not demonstrated any extraordinary circumstances and has not established a viable case on the law or facts. As such, bail would be inappropriate. Moreover, this motion would appear to be moot as (1) Clark's Section 2255 has been resolved; and (2) records indicate that Clark is no longer incarcerated. (*See, e.g.*, Paper 40 (status report indicating release on June 16, 2006)). For all these reasons, the motion for bail will be denied.

**V.  Motion for Reconsideration of Sentence/Restitution (Paper 24) and Motion for Modification of Confinement (Paper 32)**

Clark has also filed a motion styled as a "motion for reconsideration of sentence/restitution," ostensibly relying on 18 U.S.C. §§ 3553 and 3572. (Paper 24). The motion largely rehashes the claims made in Clark's Section 2255 motion, including contentions that (1) he cannot afford restitution, (2) he should have received a downward departure for extraordinary acceptance of responsibility, (3) he was sentenced in violation the Sixth Amendment, (4) the court did not consider the history and characteristics of the defendant, and (5) his ability to pay would be "enhanced" if he was not incarcerated "for an overly long time." (*Id.*). Each of these arguments fails.

13

The statutory provisions Clark cites do not actually speak to a court's ability to modify a sentence. To be sure, modification of a sentence is possible, but it is warranted only in a few limited circumstances. Title 18 U.S.C. § 3582(b) stresses that the imposition of a term of imprisonment "constitutes a final judgment." As such a judgment, "a district court 'may not modify a term of imprisonment once it has been imposed' unless the Bureau of Prisons moves for a reduction, the Sentencing Commission amends the applicable Guidelines range, or another statute or Rule 35 expressly permits the court to do so." *United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010) (quoting 18 U.S.C. § 3582(c)). In other words, sentences cannot be premised on a mere "judicial change of heart," *id.*, but rather must based be on one of the expressly delineated exceptions to the presumption of finality. Clark's grievances do not fit within any express exception and should be brought (as they already have been) in a motion under Section 2255. Therefore, his motion to reconsider his sentence will be denied.[6]

---

[6] As noted above, this argument may very well be moot, as Clark seems to have been released. A status report also reflects that Clark has "satisfied his arrears" as to restitution. (Paper 40).

Similarly, the court can discern no reason to modify Clark's order of restitution.[7] Although Clark states generally that "finding employment will be hard with a criminal record" (Paper 24, at 2), these facts were before the court when it first considered Clark's sentence. Thus, to the extent that Clark's motion rests on economic considerations, they do not constitute *changed* economic circumstances that permit modification under 18 U.S.C. § 3664(k). If Clark finds fault with some other aspect of the execution of the order of restitution, he should have brought such a challenge pursuant to 28 U.S.C. § 2241 in the district where he was incarcerated.

Clark also moved for "modification of confinement" based on his "history and characteristics" and in light of the grounds raised in his motion. (Paper 32, at 2). In particular, Clark requests home confinement. (*Id.*). Even assuming this motion is not moot, it could not be properly granted. This motion is nothing more than an additional request to modify his sentence, which, as the court has explained, is only appropriate in certain circumstances under 18 U.S.C. § 3582(c). *See, e.g.*, *In re Morris*, 345 F.App'x 796, 797-98 (3[d] Cir. 2009) (explaining a

---

[7] Title 28 U.S.C. § 3572 is no aid to Clark, as it concerns the imposition of *fines*, not restitution.

15

request to modify a sentence to home confinement is governed by Section 3582). None of the statutory conditions for modification are present here. Moreover, once a sentence is in place, the Bureau of Prisons ("BOP") is charged with determining the place of imprisonment. *See* 18 U.S.C. §§ 3586, 3621(b). Thus, requests for home confinement or compassionate release should be lodged with the administrative process at BOP. *Morris*, 345 F.App'x at 798. Clark's conditions will not be modified.

**VI. Motion for Reconsideration/Vacation of Clark's Sentence (Paper 26)**

Shortly after filing his initial Section 2255 motion, Clark also filed a "motion for reconsideration/vacat[ion] of sentence," which he states is "pursuant to 28 U.S.C. [§] 2255." (Paper 26, at 1). Consequently, this motion represents a second or successive Section 2255 motion.

Second or successive motions under Section 2255 may not be filed with this court absent leave from the Court of Appeals for the Fourth Circuit. *See* 28 U.S.C. § 2255(h); *In re Vial*, 115 F.3d 1192, 197-98 (4th Cir. 1997) (en banc). Given that this motion represents a second attempt at relief under Section 2255, the court is without jurisdiction to consider the request unless directed to do so by the Court of Appeals. *Evans v. Smith*, 220

F.3d 306, 325 (4th Cir. 2000). There is no suggestion that Clark obtained the necessary certification.

It may be that this motion represents Clark's belated attempt to append one last claim to his earlier motion. But the cover of the Section 2255 motion form that Clark initially used cautions that petitioners must "include in this motion <u>all</u> the grounds for relief from the conviction or sentence that you challenge." (emphasis in original). And it is well established that "a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application." *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003). As such, Clark's motion will be dismissed without prejudice for lack of jurisdiction.

**VII. Conclusion**

For the foregoing reasons, all of Clark's pending motions will be denied. A separate order will follow.

                                         /s/
                                  DEBORAH K. CHASANOW
                                  United States District Judge